CAUSE NO. **C-0551-21-B**

| | | |
|---|---|---|
| PONCHO FOOD STORE INC. § | | IN THE DISTRICT COURT |
| *Plaintiff*, § | | |
| § | | |
| V. § | | \_\_\_\_\_JUDICIAL DISTRICT |
| § | | |
| WESTCHESTER SURPLUS LINES § | | |
| INSURANCE COMPANY A CHUBB § | | |
| COMPANY § | | |
| *Defendant.* § | | HIDALGO COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, PONCHO FOOD STORE INC., files this Original Petition against WESTCHESTER SURPLUS LINES INSURANCE COMPANY A CHUBB COMPANY ("WESTCHESTER"), and in support thereof, would show as follows:

**I. DISCOVERY CONTROL PLAN LEVEL**

1.      As required by Rule 190.1 of the Texas Rules of Civil Procedure, Plaintiff intends for discovery to be conducted under Level 1, TRCP 190.2.

**II. CLAIM FOR RELIEF**

2.      As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c), Texas Rules of Civil Procedure, PLAINTIFFS' counsel states that Plaintiffs are seeking only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs, therefore, this suit is governed by the expedited-actions process, TRCP 169(a).  A jury, however, will ultimately determine the amount of monetary relief actually awarded.  Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

C-0551-21-B

### III. PARTIES AND SERVICE

3. Plaintiff resides in HIDALGO County, Texas.

4. Defendant **WESTCHESTER SURPLUS LINES INSURANCE COMPANY A CHUBB COMPANY** is a surplus lines insurance company authorized to engage in the insurance business in the State of Texas, subscribing to Contract number FSF14595995 002, i.e., Plaintiff's insurance policy. The insurance business done by WESTCHESTER in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiff;

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

This defendant may be served through **The Commissioner of Insurance, Texas Department of Insurance ATTN: Chief Clerk Office, PO Box 149104, MC 112-2A, Austin, Texas 78714-9104** who shall then serve, **Mr. Paul Bech, Esq., Associate General Counsel, CHUBB, 436 Walnut Street, Philadelphia, PA 19106-3703**. Service is requested by certified mail return receipt at this time for both Citations to the Commissioner of Insurance and M. Paul Bech, Esq.

### IV. JURISDICTION AND VENUE

5. Venue is appropriate in HIDALGO County, Texas because all or part of the conduct giving rise to the causes of action were committed in HIDALGO County, Texas and the Plaintiff and property which is the subject of this suit are located in HIDALGO County, Texas.

2

Case 7:21-cv-00111 Document 1-2 Filed on 03/25/21 in TXSD Page 3 of 14

Electronically Filed
2/11/2021 9:09 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0551-21-B

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

## V. CONDITIONS PRECEDENT

6. All conditions precedent to recovery have been performed, waived, or have occurred.

## VI. AGENCY AND *RESPONDENT SUPERIOR*

7. Whenever in this Complaint it is alleged that Defendant did any act or omission, it is meant that Defendant themselves or their agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of Defendant or done in the normal routine, course, and scope of the agency or employment of Defendant or their agents, officers, servants, employees, or representatives.

## VII. FACTS

8. Plaintiff is the owner of a Commercial Insurance Policy (hereinafter referred to as "the Policy"), which was issued by WESTCHESTER.

9. Plaintiff owned the insured property, which is specifically located at 7318 Los Vecinos St., Mission, TX 78574, (hereinafter referred to as "the Property").

10. WESTCHESTER sold the Policy insuring the Property to Plaintiff.

11. During the terms of said Policy, on or about May 8, 2020, under Claim No. KY20K2695297 and Policy No: FSF14595995 002, a wind and hail storm hit the HIDALGO County area, damaging Plaintiff's property. Plaintiff subsequently filed a claim on the Plaintiffs' insurance policy. Plaintiff asked that WESTCHESTER cover the cost of repairs to the Property pursuant to the Policy. WESTCHESTER failed to conduct a full, fair and adequate investigation of Plaintiff's covered damages.

12. As detailed in the paragraphs below, WESTCHESTER wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for

Case 7:21-cv-00111   Document 1-2   Filed on 03/25/21 in TXSD   Page 4 of 14

Electronically Filed
2/11/2021 9:09 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0551-21-B

losses such as those suffered by Plaintiff. Furthermore, WESTCHESTER failed to pay Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff.

13. Plaintiff requested that Defendant, WESTCHESTER cover the cost of repairs to the Property pursuant to the Policy, including but not limited to, repair and/or replacement of the roof, interior, and exterior damage to the Property.

14. To date, WESTCHESTER continues to delay in the payment for the damages to the Property.

15. WESTCHESTER failed to perform its contractual duty to adequately compensate Plaintiff under the terms of their Policy. Specifically, WESTCHESTER refused to pay the full proceeds of the Policy after conducting an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff. WESTCHESTER's conduct constitutes a breach of the insurance contract between it and Plaintiff.

16. Pleading further, WESTCHESTER misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. WESTCHESTER conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

17. WESTCHESTER failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Its conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

18. WESTCHESTER failed to explain to Plaintiff any valid reason for its coverage denial

Case 7:21-cv-00111 Document 1-2 Filed on 03/25/21 in TXSD Page 5 of 14

Electronically Filed
2/11/2021 9:09 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0551-21-B

and offer of an inadequate settlement. Specifically, it failed to offer Plaintiff full compensation, without any valid explanation why full payment was not being made. Furthermore, WESTCHESTER did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. WESTCHESTER conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

19. WESTCHESTER failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

20. Further, WESTCHESTER failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

21. WESTCHESTER failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiff's claim and, to date, Plaintiff has not received full payment for the claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

22. From and after the time Plaintiff's claim was presented to WESTCHESTER, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiff's in full, despite there being no basis whatsoever upon

Case 7:21-cv-00111 Document 1-2 Filed on 03/25/21 in TXSD Page 6 of 14

Electronically Filed
2/11/2021 9:09 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0551-21-B

which a reasonable insurance company would have relied to deny the full payment. WESTCHESTER conduct constitutes a breach of the common law duty of good faith and fair dealing.

23. Additionally, WESTCHESTER knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

24. Because of WESTCHESTER's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiffs with respect to these causes of action.

## VIII. CAUSES OF ACTION AGAINST WESTCHESTER

**A.   BREACH OF CONTRACT**

25. Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs.

26. WESTCHESTER's conduct constitutes a breach of the insurance contract between it and Plaintiff. Defendants' failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

27. According to the purchased insurance Policy, WESTCHESTER has the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the policy resulting from a storm such as the one in question. Plaintiff's property was damaged as a result of the storm and/or resulting losses from the storm, both of which are covered perils under Plaintiff's policy.

28. WESTCHESTER failed to perform its contractual duty to adequately and timely

Case 7:21-cv-00111   Document 1-2   Filed on 03/25/21 in TXSD   Page 7 of 14

Electronically Filed
2/11/2021 9:09 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0551-21-B

compensate Plaintiff under the terms of its policy. Specifically, WESTCHESTER completed it's inspection on the Property September 1, 2020 and should have obtained all the information needed to properly adjust Plaintiff's claims. Even so, WESTCHESTER misrepresented to Plaintiff the extent of covered damage caused by the Storm. WESTCHESTER denied the entire claim on Plaintiff's property and waited more than thirty (30) days before informing Plaintiff of its decision.

29. WESTCHESTER's conduct constitutes a breach of the insurance contract between WESTCHESTER and Plaintiff and such breach caused Plaintiff's damages.

**B.  VIOLATIONS OF SECTION 542 OF THE TEXAS INSURANCE CODE:**

30. Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs.

31. The Defendant' acts, omissions, failures, and conduct described in this petition violate Section 542 of the Texas Insurance Code. Within the timeframe required after receipt of either actual or written notice of Plaintiff's claim, the Insurers did not request from Plaintiff any items, statements, or forms it reasonably believed, at that time, would be required from Plaintiff for its claim. As a result, the Insurers have violated Section 542 by failing to accept or reject Plaintiff's claim in writing within the statutory timeframe and by failing to pay Plaintiff's claim within the applicable statutory period. More particularly, the Insurers violated the following provisions of Section 542 of the Texas Insurance Code:

   a. Defendant failed to meet its obligations under the Texas Insurance Code by denying full payment of Plaintiff's claim. Specifically, Defendant wrongfully denied paying insurance benefits on Plaintiff's claim, which caused Plaintiff to incur fees it otherwise would not have had, and as such, to date, Plaintiff has not received an amount that would put Plaintiff back to its pre-loss condition.

Case 7:21-cv-00111   Document 1-2   Filed on 03/25/21 in TXSD   Page 8 of 14

Electronically Filed
2/11/2021 9:09 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0551-21-B

Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

32. Additionally, if it is determined Defendant owe Plaintiff any additional monies, Defendant has automatically violated Section 542 in this case.

**C.  UNFAIR INSURANCE PRACTICE**

33. Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs.

34. Plaintiff has satisfied all conditions precedent to bringing this cause of action. By its acts, omissions, failures, and conduct, WESTCHESTER has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Section 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus WESTCHESTER's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim. More specifically, WESTCHESTER is guilty of the following unfair insurance practices:

   a) Defendant misrepresented to Plaintiff that all the damages to its property were not covered under its insurance policy, even though the damage was caused by a covered occurrence. More particularly, WESTCHESTER's adjuster misrepresented the damage to Plaintiff's property. WESTCHESTER wrongfully denied Plaintiff's claim and Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1);

   b) Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under its policy. More particularly,

Case 7:21-cv-00111 Document 1-2 Filed on 03/25/21 in TXSD Page 9 of 14

Electronically Filed
2/11/2021 9:09 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0551-21-B

Defendant wrongfully denied the full covered damages and Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(2)(A);

c) Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, despite Plaintiff promptly reporting the claim, Plaintiff did not receive timely indication in writing of acceptance or rejection regarding the full and entire claim from WESTCHESTER for more than forty (40) days. In fact, Plaintiff's claim remains unpaid. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(4); and

d) Defendant failed to conduct a reasonable investigation and refused to fully compensate Plaintiff under the terms of Plaintiff's policy. Specifically, WESTCHESTER did not thoroughly investigate Plaintiff's damages and ignored visibly apparent storm damage observed during the investigation. As such, WESTCHESTER's inadequate and outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of the damages to Plaintiff's property. Because of Defendant's inadequate investigation and misrepresentation of the scope of covered damages, Defendant wrongfully delayed, and denied the Plaintiff's claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

Case 7:21-cv-00111 Document 1-2 Filed on 03/25/21 in TXSD Page 10 of 14

Electronically Filed
2/11/2021 9:09 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0551-21-B

35. Defendant also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendant's conduct has resulted in Plaintiff's damages described in this petition.

36. Further, the above-described acts, omissions, and failures of Defendant were done knowingly as that term is used in the Texas Insurance Code.

**D.  VIOLATIONS OF THE DTPA**

37. Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs.

38. Plaintiff is a consumer of goods and services provided by Defendant pursuant to the Texas Deceptive Trade Practice Act (DTPA), and Plaintiff has met all conditions precedent to bringing this cause of action against Defendants. Defendant's violations of the DTPA include, without limitation, the following matters:

a) By its acts, omissions, failures, and conduct that are described in this petition, Defendant has violated Sections 17.46(b)(2), (5), (7), (9), (12) and (24) of the DTPA. In this respect, Defendant's violations include, without limitation: (1) its unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) its failure to give Plaintiff the benefit of the doubt, and (3) its failure to pay an amount that would put Plaintiff to its pre-loss condition.

b) Defendant represented to Plaintiff its insurance policy and claims adjusting services had characteristics or benefits they did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA;

Case 7:21-cv-00111   Document 1-2   Filed on 03/25/21 in TXSD   Page 11 of 14

Electronically Filed
2/11/2021 9:09 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0551-21-B

c) Defendant represented to Plaintiff its insurance policy and claims adjusting services were of a particular standard, quality, or grade when they were actually of another, in violation of Section 17.46(b)(7) of the DTPA;

d) Defendant advertised the insurance policy and claims adjusting services with intent to not sell them as advertised, in violation of Section 17.46(b)(9) of the DTPA;

e) Defendant represented to Plaintiff its insurance policy and adjusting and investigative services conferred or involved rights, remedies, or obligations they did not have, which gives Plaintiff the right to recover under Section 17.46(b)(12) of the DTPA;

f) Defendant failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiff into a transaction into which Plaintiff would not have entered had the information been disclosed, which gives Plaintiff the right to recover under Section 17.46(b)(24) of the DTPA;

g) Defendant has breached an express warranty that the damage caused by a storm would be covered under the insurance policy. This breach entitles Plaintiff to recover under Sections 17.46(b)(12) and (19) and 17.50(a)(2) of the DTPA;

h) Defendant's actions are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience regarding the adjustment of storm damage claim to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

i) Defendant's conduct, acts, omissions, and failures are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA.

Case 7:21-cv-00111 Document 1-2 Filed on 03/25/21 in TXSD Page 12 of 14

Electronically Filed
2/11/2021 9:09 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0551-21-B

39. All of the above-described acts, omissions, and failures of Defendant is a producing cause of Plaintiff's damages described in this petition. The above-described acts, omissions, and failures of Defendant were also done knowingly and intentionally as those terms are defined in the DTPA.

E.  **BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

40. Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs.

41. From and after the time Plaintiff's claim was presented to WESTCHESTER, the liability of WESTCHESTER to pay the full claim in accordance with the terms of Plaintiff's policy was reasonably clear. However, by its acts, omissions, failures, and conduct, WESTCHESTER has breached its common law duty of good faith and fair dealing. WESTCHESTER failed to reasonably investigate Plaintiff's claim and made numerous misrepresentations regarding the progress and status of the claim. WESTCHESTER has also breached its duty by unreasonably delaying payment of Plaintiff's entire claim over six months after it was made. Defendant knew or should have known it was reasonably clear the entire claim was covered; yet Plaintiff's claim has yet to be paid in full.

42. Defendant's acts, omissions, failures, and conduct are a proximate cause of Plaintiff's damages.

## IX. WAIVER AND ESTOPPEL

43. Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## X. DAMAGES

44. Defendant's acts, omissions, failures, and conduct have caused Plaintiff's damages which include, without limitation, the cost to fully and properly repair the roof, exterior and interior of Plaintiff's property, the expert and appraisal fees incurred during the course of this claim, and other additional expenses associated with damage caused by the storm. Plaintiff is also entitled to recover consequential damages from Defendant's breach of contract, as well as an 10% per annum penalty on its claims against Defendant as damages under Chapter 542 of the Texas Insurance Code, plus prejudgment interest and attorneys' fees. All the damages described in this petition are within the jurisdictional limits of the Court.

## XI. ATTORNEYS' FEES

45. As a result of Defendant's conduct, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and has agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XII. DEMAND FOR JURY

46. Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests a jury trial and along with the filing of this Original Petition has tendered to the Clerk of the Court the statutory jury fee.

## XIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that WESTCHESTER be cited to appear and answer herein; that, on final hearing, Plaintiffs have judgment against WESTCHESTER for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment; for pre-judgment

Case 7:21-cv-00111   Document 1-2   Filed on 03/25/21 in TXSD   Page 14 of 14

Electronically Filed
2/11/2021 9:09 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0551-21-B

interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against the WESTCHESTER, to which Plaintiff may be justly entitled.

Respectfully submitted,

**WHYTE PLLC**
2101 NW Military HWY
San Antonio, Texas  78213
Telephone:     (210) 562-2888
Facsimile:      (210) 562-2873
Email: mwhyte@whytepllc.com

By: _____
MARC K. WHYTE
State Bar No. 24056526